In the Matter of ACTUAL NECESSARY EXPENSE OF JUDGES.

No. 13121.
Submitted Sept. 26, 1975.
Decided Oct. 17, 1975.
541 P.2d 345.

Robert S. Keller, Robert C. Sykes, Kalispell, LeRoy L. Mc-Kinnon, Lewistown, Gordon R. Bennett, Helena, for District Judges.

Alan F. Cain, Helena, for State Bar Ass'n.

James T. Harrison, Helena, for State Trial Lawyers Ass'n.

## OPINION AND ORDER

PER CURIAM:

On August 11, 1975, this Court issued a Notice of Hearing re "In the Matter of Acual Necessary Travel Expense of Judges". The notice reads:

"The Court has received oral and written complaints, as well as a petition, with respect to the question of expenses of Judges incurred in performance of their duties.

"The language of Art. VII, Sec. 9(2) of the 1972 Montana Constitution provides judges shall receive 'salary and actual necessary travel expense.' This language applies to Judges alone and to no other public official. It also must be read in conjunction with the other singular and peculiar limitations on Judges appearing in Art. VII.

"Sec. 1(b), Chapter 439, 1975 Session Laws (H.B. 621), amends section 59-538, R.C.M.1947, and provides elected officials traveling within the state shall be authorized actual cost of lodging not exceeding $16.00 per day, plus $2.00 for the morning meal, $3.00 for midday meal and $5.00 for evening meal, all lodging claims must be documented by receipt.

"Sec. 3(c) amends section 59-801, R.C.M.1947, and provides that when a privately owned vehicle is used a rate equal to the mileage allotment allowed by the United States Internal Revenue Service shall be paid for the first 1,000 miles and 3¢ less per mile for all miles thereafter traveled within a calendar month.

"It has been represented that the allowable mileage reimbursement does not in fact meet the actual expense of automobile travel and thereby diminishes the judge's salary contrary to Art. VII, Sec. 7, 1972 Montana Constitution. The same complaint has been made regarding limitation of the lodging reimbursement due to lack of suitable facilities within that price range in many areas of the state.

"The judiciary is presently carrying a heavy case load, evident to us by our calendar, and if circumstances exist as have been represented which hinder performance of our judges by requiring them to absorb a portion of their 'actual necessary travel expense' it is contended that we should adopt rules which will alleviate this situation. "We deem this matter of prime importance because travel is necessary between counties in a judicial district and between districts. It is always difficult to secure out of district judges to help because of their commitments already existing and on top of this if skyrocketing costs are causing judges to say 'no' to requests for help we have a situation that cannot be tolerated.

"We want the facts! Since we have no facilities for preparing a record we will accept signed statements of facts, studies, articles, briefs or any other type of documents which have factual backgrounds on the matters with which we are here concerned. We start with the limiting words "actual necessary travel expense". We anticipate facts to be presented which will establish "actual necessary" expenses to be a reasonable formula to apply uniformly across the state, both as to travel and sustenance.

"We direct the Clerk of this Court to forward copy of this notice to each District Judge, and to the Attorney General, the Legislative Finance Committee, the Department of Revenue, the Department of Administration, the Legislative Council, the President of the State Bar of Montana, and President of the Montana Trial Lawyers Association, and on request to any other party evidencing an interest in these matters.

"We will hold a fact-finding hearing on September 26, 1975, at the hour of 1:30 p.m., and will appreciate receiving such documentary evidence as is available at that time and, on prior request, will permit oral presentation by counsels."

A hearing was held on September 26, 1975. The Court has accepted letters, statements, newspaper articles, and periodicals in an attempt to arrive at a satisfactory solution for an order establishing a rule which will permit claims to be filed, processed, audited and paid, so that judges may be reimbursed their constitutional actual necessary travel expenses in a reasonable way to apply uniformly across the state.

The Court received under date of August 18, 1975, a letter from W. A. Groff, Director of the Department of Revenue, to the effect that insofar as legislative budget problems with fiscal notes are concerned, non exit. Mr. Groff's letter reads:

"The Department of Revenue takes the position that Article VII, Sections 7(1) and 9(2) of the Montana Constitution have primacy over Sections 59-801 and 59-538, R.C.M.1947 as amended. To require Judges to comply with the provisions of the above-cited sections of the Revised Codes of Montana would violate those cited provisions of the Constitution stating that their salaries shall not be diminished and that they are to receive actual necessary travel expense. The Department's experience with the travel and per diem allowances provided by the 1975 Session Laws is still inadequate to defray the costs of actual necessary travel expenses.

"The Department of Revenue is routinely called upon by the legislature to write 'fiscal notes' on all matters affecting the state budget. Our research division informs me that the monetary impact of an increase in travel expenses for Judges contemplated under Cause No. 13121 would be minimal and of no consequence as it affects the state budget."

Additionally, the Court has received an informative letter from Jack Crosser, Director of the Department of Administration. This letter includes an attachment showing a compilation

174

of actual meals and lodging charged by 25 of the 28 individual judges. Mr. Crosser's letter makes this conclusion:

"In conclusion, the Department of Administration takes no position as to whether or not statutory travel expenses authorized the District Judges meets the 'actual and necessary travel expense' requirement of Article VII, Section 9, Constitution of Montana 1972. It has always been this Department's position in auditing expense claims that we must enforce enacted legislation until changed by the Legislature or declared unconstitutional by a court of competent jurisdiction. Whatever the Court decrees in this matter will be immediately implemented by this Department."

As reflected by Mr. Crosser's conclusion, Mr. Groff's letter, and our own Notice of Hearing heretofore quoted, the problem is the legislature's language "elected state officials" in sections 59-538 and 59-801, R.C.M.1947, in authorizing scheduled, fixed charges for lodging per day, meals individually, and mileage.

The language of Article VII, sections 7(1) and 9(2), (3), 1972 Montana Constitution is:

Section 7(1): "All justices and judges shall be paid as provided by law, but salaries shall not be diminished during terms of office."

Section 9(2): "No supreme court justice or district court judge shall solicit or receive compensation in any form whatever on account of his office, except salary and actual necessary travel expense."

Section 9(3): "Except as otherwise provided in this constitution, no supreme court justice or district court judge shall practice law during his term of office, engage in any other employment for which salary or fee is paid, or hold office in a political party."

■ This language makes it clear that legislative attempts to restrict "actual and necessary travel expense" of district judges and justices are unconstitutional. As applied to district

judges and supreme court justices only, sections 59-538 and 59-801 are unconstitutional, and we so hold.

■ Judges are entitled to their actual and necessary expenses for subsistence and lodging. This Court will audit and approve such expenses for their actuality, necessity and reasonableness.

The problem as to "actual and necessary" expenses for transportation is somewhat more complex because the state does not, as yet, furnish state owed automobiles. Thus, judges must furnish their own automobiles with all the attendant costs, including gasoline, insurance, tires, depreciation and general upkeep. Their travel varies widely, from almost none to 30,000 miles per year. The travel is complicated by multiple county, multiple district scheduling in all types of weather and conditions. It is also complicated by individual choice of automobiles, from compact to full sized.

■ Our problem is to adopt a fair rule that may be uniformly applied with a minimum of record keeping but consistent with fiscal responsibility.

Out of a myriad of materials, we have selected the analysis of the United States Department of Transportation of the Federal Highway Administration dated April 1972, and using our own interpolations and updating have arrived at a figure of 19¢ per mile as a fair and necessary figure, subject to periodic adjustment to meet changing conditions. We recognize that it may not in all cases meet the constitutional criteria but in those cases this Court will require full record keeping and proof. The choice will be left to the individual judge. Additionally, as an observation, the legislature may, in the future, choose to provide other means, either by state owned automobiles, leased automobiles, or any other constitutional method. As to the choice of individual judges, where other forms of transportation other than public transportation are selected which will cost more than 19¢ per mile or the then current adjusted figure, this Court will require either prior approval

or authenticated documentary proof of the actual and necessary expense.

This Court will hereafter handle the processing and approval of these claims on a monthly basis. Copies of this opinion and order shall be mailed by the Clerk of this Court to all District Judges, Workers' Compensation Judge, the Department of Administration and the Department of Revenue.